*C. P. Hester* and *A. Kinney*, for the complainant.

*H. P. Thornton*, for the defendant.

---

THE STATE, on the Relation of the Inhabitants of Congressional Township, &c., *v.* NEWBY and Others.

Debt by the state, on the relation of the inhabitants of a congressional township in *Washington* county, against the school-commissioner of that county and his sureties, on their bond. The declaration shows that the boundary between the counties of *Washington* and *Orange* runs through said township; that the commissioner had lent out "school-money," to secure which he had taken a mortgage for the use of the township; and that *by* the commissioner's neglect, &c., the money was lost. *Held*, that the declaration was bad, first, because it was not stated, with sufficient certainty, that the money belonged to the relators; and, secondly, because there was no averment that the trustees of the township had decided, that the commissioner of *Washington* county should have jurisdiction over the school-land of the township.

Saturday, January 4, 1845.

APPEAL from the *Washington* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by the state, on the relation of the inhabitants of a certain congressional township, against *Micah Newby*, the school-commissioner of *Washington* county, and his sureties. The following is the substance of the declaration : That the said township is situate in the counties of *Washington* and *Orange;* that the defendants, in *September*, 1837, executed their writing obligatory to the plaintiff in the sum of, &c., conditioned that *Newby*, who, in *August*, 1837, had been elected school-commissioner of *Washington* county, should faithfully discharge his duties in that office ; that the bond was approved and the commissioner qualified ; that the commissioner, in *October*, 1837, lent to one *Kendall* a certain sum of "school-

money," to be paid in three years; that the borrower mort- gaged to the commissioner, for the use of said township, certain land in *Orange* county to secure the loan; that the commissioner neglected his duty, &c., (several breaches are here set out relative to the mortgage); by which neglect the money was lost; that thereby an action accrued, &c.

General demurrer to the declaration, and judgment for the defendants.

The declaration is objectionable, because it does not state that the money lent by the commissioner belonged to the relators. The only allegations relative to this subject are, that the money was "school-money," and that the mortgage was to the commissioner and his successor for the use of the township. It is not here stated, with sufficient certainty, that the money in question was the money of the inhabitants of the township.

The declaration is also objectionable, because there is no averment that the trustees of the township had decided, that the school-commissioner of *Washington* county should have jurisdiction over the school-land of the township. According to the statutes governing the case, such a decision was necessary to give jurisdiction over said school-land to the commissioner of *Washington* county; the township being divided by the boundary between *Washington* and *Orange* counties. Stat. 1837, p. 16.—R. S. 1838, p. 510, sect. 9. The plaintiff contends, however, that, by those statutes, if all the school-section lies in *Washington* county, the commissioner of that county has authority over the section without a decision of the trustees. But if that were the meaning of the statutes, it would not help the plaintiff in this case, the declaration not alleging that the section lies in *Washington* county.

*Per Curiam.*—The judgment is affirmed.

*J. Rowland* and *W. T. Otto*, for the appellant.

*J. W. Payne*, for the appellees.